case would have been expedited by an express explanation of the basis for the determination of the imminent hazard. Also, the opinions rely on a presumption denominated the *Lite Cylinder* presumption, named for a previous review in which the Administrations also relied on it. *See Lite Cylinder Co.*, No. PHMSA-2013-0123, at 4-5 (July 1, 2013). Nowhere either in the present decision or the *Lite Cylinder* decision itself is the origin of the presumption well explained.

Nonetheless, despite the sparse explanation, the record is more than ample to support the action taken.

For the reasons stated herein, we deny National's petition for review.

*So ordered.*

Justin Flint, Esquire, Laura M.K. Hassler, Eccleston & Wolf, PC, Alan S. Block, Dawn Singleton, Bonner Kiernan Trebach & Crociata, LLP, Leroy T. Jenkins, Jr., Esquire, Deputy General Counsel, Howard University, Washington, DC, for Appellees.

BEFORE: Garland,* Chief Judge; Henderson, Rogers, Tatel, Brown, Griffith, Kavanaugh, Srinivasan, Millett, Pillard, and Wilkins, Circuit Judges; Edwards, Senior Circuit Judge

### ORDER

Per Curiam

Upon consideration of appellants' petition for rehearing en banc, and the absence of a request by any member of the court for a vote, it is

**ORDERED** that the petition be denied.

Sandra COMPTON, SOROR, et al., Appellants

v.

ALPHA KAPPA ALPHA SORORITY INCORPORATED and Howard University, Appellees.

No. 15-7026

September Term, 2015

United States Court of Appeals, District of Columbia Circuit.

Filed On: June 9, 2016

Jon Wyndal Gordon, Esquire, The Law Office of J. Wyndal Gordon, P.A., Baltimore, MD, for Appellants.

Miguel ILAW, Appellant

v.

LITTLER MENDELSON P.C. and Lucy H. Koh, in her individual capacity, Appellees.

No. 15-5352

September Term, 2015

United States Court of Appeals, District of Columbia Circuit.

Filed On: June 10, 2016

Rehearing En Banc Denied July 15, 2016.

Miguel Ilaw, San Jose, CA, Pro Se.

* Chief Judge Garland did not participate in this matter.